LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 16, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

Pending before the Court is Plaintiff Henry DeJean's motion to remand the action to the Superior Court of California, Los Angeles County.  (Dkt. No. 14.)

### I.     FACTUAL BACKGROUND

On July 16, 2013, Plaintiff filed a complaint in the Superior Court of California, County of Los Angeles, against Defendants FedEx Ground Package System Inc., Brian Dicely, and Oduber Demoss.  (Mot. 5; *see also* Compl.)  In his complaint, Plaintiff alleges twelve separate causes of action, including claims generally relating to racial discrimination and harassment, wage and hour law violations, wrongful termination and retaliation, and infliction of emotional distress.  (*See* Compl.)  In essence, Plaintiff contends Dicely and Demoss discriminated against Plaintiff DeJean, who is African American, because of his race.  (Mot. 5.)  He also contends he was withheld raises and bonuses.  (Mot. 6.)

On August 22, 2013, Defendants removed the action to this Court.  In their notice of removal, Defendants assert that Defendants Dicely and Demoss, who reside in California, were fraudulently joined as defendants.  (*See* Notice Removal 4:9–13.)  Thus, they contend that removal is proper, notwithstanding Defendants Dicely and Demoss are citizens of California, and so is Plaintiff.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 16, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

Plaintiff objects to Defendants' removal, and has accordingly filed this motion to remand the action to state court. (Dkt. No. 14.) Plaintiff affirms Defendants Dicely and Demoss were not fraudulently joined, and therefore the Court should not disregard them.

## II. REMOVAL UNDER 28 U.S.C. § 1441

Whether a defendant my rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.) Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint.[1]

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Because a defense is not part of a plaintiff's properly pleaded claim, *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), jurisdiction may not properly be based on an anticipated defense created by federal law, *see Franchise Tax Bd.*, 463 U.S. at 14. Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" the dispute is between "citizens of different states."[2] The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires

---

[1] Although inapplicable in this case, 28 U.S.C. § 1443 provides another means for removing a state court action to a federal district court.

[2] Diversity of citizenship may be established on other grounds that are not relevant here. *See* 28 U.S.C. § 1332.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 16, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

"the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Section 1441 also limits removal to cases where none of the defendants "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Nevertheless, this so-called "forum defendant rule" is a "procedural, or non-jurisdictional," limitation on removal jurisdiction, and therefore may be waived. *Lively v. Wild Oats Markets Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction"; "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). As such, the removing party bears a heavy burden of establishing proper removal to and original jurisdiction in the district court in order to rebut the strong presumption against removal jurisdiction. *See id.*

In his motion, Plaintiff contends the action was improperly removed to this Court. (Mot. 2.) It is readily apparent removal jurisdiction in this case could not possibly be based on federal question jurisdiction, as Plaintiff has alleged no federal causes of action. *See Franchise Tax Bd.*, 463 U.S. at 13; 28 U.S.C. 1331. And indeed, in his motion, Plaintiff narrows the scope of his arguments, contending removal fails for two separate reasons: (1) the Court lacks diversity jurisdiction because Defendants Dicely and Demoss are California residents, and so is Plaintiff; and (2) removal violates the "Forum Defendant Rule" in 28 U.S.C. § 1441(b) because Dicely and Demoss are "citizen[s] of the State in which [this] action [was] brought." (Mot. 16.) In this case, femoval would be improper based on diversity jurisdiction as well because there is no diversity of citizenship among the parties: Plaintiff is a citizen of California, and so are Defendants Dicely and Demoss. (Compl. ¶¶ 3–4.)

Nevertheless, Defendants contend this Court yet has original jurisdiction over Plaintiff's action because Defendants Dicely and Demoss "are fraudulently joined." (Opp'n 1.) In his motion and reply, Plaintiff addresses Defendants' arguments regarding fraudulent joinder, focusing on whether he alleges sufficient facts to possibly state a claim against Defendants Dicely and Demoss. (*See* Mot. 7–16; Reply 2–8.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 16, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

Yet, the Court would address the other principal requirement for jurisdiction based on 28 U.S.C. § 1332: the amount in controversy exceeding $75,000. Although Plaintiff failed to address it in his motion, the $75,000 amount is a jurisdictional requirement that cannot be waived. *See* 28 U.S.C. § 1332. Moreover, a federal court must determine whether subject matter jurisdiction properly lies even if there is no objection to a particular aspect of its jurisdiction. *See FW/PBS Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990).

In his complaint, Plaintiff seeks monetary damages, but does not allege a specific dollar amount for which he claims Defendants are liable. (*See* Compl. 21.) In their notice of removal, Defendants admit that "no specific figure is set forth in the Complaint," but they affirm "[t]he amount in controversy, exclusive of interest and costs, exceeds $75,000.00." (Notice Removal 4.)

Where the amount in controversy is unclear or ambiguous from the face of the state court complaint, a removing defendant must prove by a preponderance of the evidence that the amount in controversy does in fact exceed the jurisdictional requirement. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Accordingly, to satisfy its burden, a defendant must prove that the amount in controversy more likely than not exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. 1332. In deciding whether a defendant has met its burden in proving this, a court may properly consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted). Nevertheless, conclusory allegations are insufficient in this analysis. *Id.* at 1090–91.

Defendants' allegations regarding the amount in controversy are conclusory. In their notice of removal, Defendants recite the causes of action Plaintiff alleges against them in his complaint, and then conclude "the amount in controversy more likely than not exceeds $75,000.00." (Notice Removal 4.) In the Court's view, these allegations are insufficient to prove by a preponderance of the evidence that Plaintiff's claims meet the minimum amount, thus bringing them within the Court's original jurisdiction. *See*

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-06194 (BRO) (Ex)** | Date | October 16, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

*Matheson*, 319 F.3d at 1090–91.  Indeed, Defendants have not shown why it is more likely than not that Plaintiff's claims—including an award for attorney's fees—would exceed $75,000.  Accordingly, the Court would remand the action on this basis alone.

 Therefore, Defendants are ORDERED TO SHOW CAUSE why this action should not be remanded to the Superior Court of California, Los Angeles County, for lack of original jurisdiction.  Specifically, the Court ORDERS Defendants to address the requirement of an amount in controversy exceeding $75,000 for an action to come within the Court's original jurisdiction under 28 U.S.C. § 1332.  Defendants must respond no later than **Friday October 18, 2013, at 4:00 p.m.**  Failure to respond by this deadline will be deemed consent to remand the action to state court.

 **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |