LINK: JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 25, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**        (IN CHAMBERS)

### ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [14]

Pending before the Court is Plaintiff Henry DeJean's motion to remand this action to the Superior Court of California, Los Angeles County. (Dkt. No. 14.) After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Court GRANTS Plaintiff's motion.

### I.    FACTUAL BACKGROUND

Plaintiff Henry DeJean began working for Defendant FedEx Ground Package System Inc. on November 28, 2005, as a maintenance technician. (Compl. ¶¶ 8–10, Dkt. No. 1, Ex. 1.) From the beginning of his employment with FedEx, Plaintiff was subjected to "palpable race discrimination and harassment." (Compl. ¶ 11.) Additionally, because FedEx failed to hire workers as qualified as he, Plaintiff was forced to work during his lunch breaks, which were "rarely . . . uninterrupted." (Compl. ¶ 12.) Plaintiff also alleges he was denied a raise and bonus that had been promised to him when he was hired. (Compl. ¶¶ 9, 14–16.) Because of this unfair treatment, Plaintiff complained to FedEx's management. (*See* Compl. ¶¶ 16–17.)

Due to Plaintiff's complaints, Defendant Oduber Demoss, one of Plaintiff's supervisors, sought out reasons to give him negative reviews. (*See* Compl. ¶¶ 17–21.) In fact, according to Plaintiff, Demoss would even sabotage equipment that Plaintiff was in

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 25, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

charge of maintaining. (Compl. ¶ 21.) At one point, Plaintiff asked Defendant Brian Dicely, another supervisor, to review security video footage in order to determine who had been damaging the equipment, but Dicely refused. (Compl. ¶ 21.)

In effort to escape the hostile work environment, Plaintiff attempted multiple times to transfer to other jobs at different FedEx locations. (Compl. ¶¶ 23–26.) Nevertheless, "Plaintiff never heard back from the HR Department," because Dicely and Demoss "disliked Plaintiff due to his race." (Compl. ¶ 23.)

Over the remainder of Plaintiff's employment at FedEx, Dicely and Demoss "buil[t] an unsubstantiated record of misconduct, so that they could ultimately terminate him." (Compl. ¶ 30.) Finally, on February 15, 2012, "Demoss escorted Plaintiff to a FedEx security office to meet" with Rosendo Oviedo, apparently a human resources representative. (Compl. ¶ 33.) Oviedo asked Plaintiff about his practice of eating lunch in his car, and the length of his lunch breaks. (Compl. ¶ 33.) Oviedo also asked Plaintiff about his use of a personal cellular phone during his work shifts. (Compl. ¶ 33.) After questioning Plaintiff, Oviedo brought "Dicely into the room, who ultimately suspended Plaintiff without any valid cause." (Compl. ¶ 33.) Subsequently, on March 7, 2012, Plaintiff's employment was terminated by Dicely.

Following his discharge, Plaintiff filed various complaints with FedEx. (Compl. ¶ 34.) Thereafter, he filed a complaint with the California Department of Fair Employment and Housing. (Compl. ¶ 38.)

On July 16, 2013, Plaintiff filed a complaint in the Superior Court of California, County of Los Angeles, against Defendants FedEx, Dicely, and Demoss. (Mot. 5; *see also* Compl.) In his complaint, Plaintiff alleges twelve separate causes of action, including claims generally relating to racial discrimination and harassment, wage and hour law violations, wrongful termination and retaliation, and infliction of emotional distress. (*See* Compl.) In essence, Plaintiff contends Dicely and Demoss discriminated against Plaintiff DeJean, who is African American. (Mot. 5.) He also contends FedEx withheld raises and bonuses. (Mot. 6.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 25, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

On August 22, 2013, Defendants removed the action to this Court. In their notice of removal, Defendants assert that Defendants Dicely and Demoss were fraudulently joined as defendants. Thus, although ostensibly there is no diversity, and removal would likewise be improper, because Dicely and Demoss are residents of the forum, Defendants contend the Court should disregard them, and accept the removal nonetheless.

Plaintiff objects to Defendants' removal, and has accordingly filed this motion to remand the action to state court. (Dkt. No. 14.) Plaintiff affirms Defendants Dicely and Demoss were not fraudulently joined, and therefore the Court should not disregard them.

## II. LEGAL STANDARD

Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization from Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.) Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court action.[1]

Pursuant to 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Because a defense is not part of a plaintiff's properly pleaded claim, *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987), jurisdiction may not properly be based on an anticipated defense created by federal law, *see Franchise Tax Bd.*, 463 U.S. at 14. Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

---

[1] Although inapplicable in this case, 28 U.S.C. § 1443 provides another means for removing a state court action to a federal district court.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 25, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

  Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" the dispute is between "citizens of different states."[2] The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

  Section 1441 also limits removal to cases where none of the defendants "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Nevertheless, this so-called "forum defendant rule" is a "procedural, or non-jurisdictional," limitation on removal jurisdiction, and therefore may be waived. *Lively v. Wild Oats Markets Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

  In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction"; "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). As such, the removing party bears a heavy burden of establishing proper removal to and original jurisdiction in the district court in order to rebut the strong presumption against removal jurisdiction. *See id.*

### III. DISCUSSION

  In his motion, Plaintiff contends the action was improperly removed to this Court. (Mot. 2.) It is readily apparent removal jurisdiction in this case could not possibly be based on federal question jurisdiction, as Plaintiff has alleged no federal causes of action. *See Franchise Tax Bd.*, 463 U.S. at 13; 28 U.S.C. 1331. And indeed, in his motion, Plaintiff narrows the scope of his arguments, contending removal fails for two separate reasons: (1) the Court lacks diversity jurisdiction because Defendants Dicely and Demoss are California residents, and so is Plaintiff; and (2) removal violates the "Forum Defendant Rule" in 28 U.S.C. § 1441(b) because Dicely and Demoss are "citizen[s] of the State in which [this] action [was] brought." (Mot. 16.) It is quite obvious removal would be improper based on diversity jurisdiction because there is no diversity of

---

[2] Diversity of citizenship may be established on other grounds that are not relevant here.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 25, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

citizenship among the parties: Plaintiff is a citizen of California, and so are Defendants Dicely and Demoss. (Compl. ¶¶ 3–4.)

Nevertheless, Defendants contend this Court yet has original jurisdiction over Plaintiff's action because Defendants Dicely and Demoss "are fraudulently joined." (Opp'n 1.) It is true that one exception to the requirement for complete diversity among the parties is fraudulent joinder of a non-diverse defendant. *Morris v. Princess Cruises Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder is a term of art, and does not implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). It exists, and the non-diverse defendant is ignored for purposes of determining diversity of the parties, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1339; *accord Ritchey v. Upjohn Drug Co.*, 139 F.2d 564, 566 (9th Cir. 1998). "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in state court." *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). Indeed, a Court should reject removal, and remand the action to state court, unless the plaintiff is unable to state a claim against the non-diverse defendant, and "has no reasonable ground for supposing" it could. *Id.* Therefore, if any *possibility* exists that a plaintiff may prevail against the non-diverse defendant, fraudulent joinder must be rejected, and the case must be remanded. *Plute v. Roadway Package Sys. Inc.*, 141 F. Supp. 2d 1005, 1008, 1012 (N.D. Cal. 2001).

Thus, to maintain Dicely and Demoss as defendants in this case, requiring remand for lack of diversity jurisdiction, the Court need only find that Plaintiff has a possibility of prevailing on a single claim against them. In his complaint, Plaintiff alleges three causes of action against Dicely and Demoss: the second, for racial harassment, (Compl. ¶¶ 46–52); the eleventh, for intentional infliction of emotional distress, (Compl. ¶¶ 93–98); and the twelfth, for negligent infliction of emotional distress, (Compl. ¶¶ 99–101). The Court will address the latter two causes of action.

To state a claim for intentional or negligent infliction of emotional distress, a plaintiff must show three things: (1) the defendant engaged in extreme and outrageous conduct; (2) plaintiff suffered extreme or severe emotional distress; and (3) the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 25, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

defendant's conduct was the actual and proximate cause of the plaintiff's distress. *Ortaliza v. Gen. Mills. Inc.*, 56 F.3d 72, *2 (9th Cir. 1995). Intentional infliction of emotional distress requires the additional element that the defendant intend to cause severe emotional distress. *See Alcorn v. Anbro Engr'g Inc.*, 2 Cal. 3d 493, 497–99 (1970).

As for the first element, Plaintiff has alleged facts that—at the very least—could *possibly* establish that Dicely and Demoss engaged in extreme and outrageous conduct. For example, Plaintiff alleges Defendants continually subjected him to oppressive behavior, allegedly motivated by racial animus. This behavior included assigning Plaintiff unfair job tasks that other workers were not given, (Compl. ¶¶ 19–20, 28); segregating employees by race, (Compl. ¶ 11); reprimanding him for inconsequential incidents, yet overlooking similar conduct by other workers, (Compl. ¶ 22); creating a false and unsubstantiated record of misconduct, (Compl. ¶ 30); laughing and mocking him, (Compl. ¶ 18); directing a racial slur toward him, (Compl. ¶ 19); denying him raises and bonuses that other workers received, (Compl. ¶¶ 14–16); tampering with his equipment, (Compl. ¶ 21); and terminating him without cause, (Compl. ¶ 34). The Court cannot say as a matter of law that this conduct, taken together, could not *possibly* establish extreme and outrageous conduct, especially if Defendants were motivated by racial animus.

Indeed, "an employer's use of racial slurs[] against an employee who is susceptible to such slurs[] may constitute 'outrageous' conduct." *Robinson v. Hewlett-Packard Corp.*, 183 Cal. App. 3d 1108, 1129–30 (1986). In *Robinson*, the court held that evidence showing the plaintiff's supervisor intentionally insulted him and his race, causing him emotional distress, "raised a triable issue of fact" as to whether his employer engaged in "outrageous" conduct. *Id.* at 1130. Here, Plaintiff has alleged that Demoss directed a racial slur toward him: "Any monkey can turn a wrench." (Compl. ¶ 19.) Additionally, he has alleged that Dicely and Demoss treated him differently than his coworkers on account of his race. (Compl. ¶¶ 18, 20, 22.) Therefore, given the holding in *Robinson*, the Court must conclude "the settled rules of the state" do not rule out the possibility that Plaintiff is able to demonstrate Dicely and Demoss engaged in outrageous conduct. *See McCabe*, 811 F.2d at 1339.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06194 (BRO) (Ex) | Date | October 25, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

As for the second element, "[g]enerally, a plaintiff may not recover for intentional infliction of emotional distress unless the distress suffered has been severe." *Hailey v. Cal. Physicians' Serv.*, 158 Cal. App. 4th 452, 476 (2007). Severe distress is emotional distress that is "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Id.* (internal quotation marks omitted). "It may consist of any highly unpleasant mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin or worry." *Id.* (internal quotation marks omitted); *see Sanchez-Corea v. Bank of Am.*, 38 Cal. 3d 892, 909 (1985) (holding that evidence of "alcoholism, severe headaches, insomnia, tension and anxiety" supported a verdict of liability for intentional infliction of emotional distress). Here, Plaintiff alleges he has suffered "embarrassment, anxiety, humiliation, serious mental anguish, and emotional and physical distress." (Compl. ¶ 97.) Thus, the Court cannot say that there is no possibility that Plaintiff could prevail in demonstrating that he suffered severe emotional distress. *See Albi*, 140 F.2d at 312; *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008, 1012 (N.D. Cal. 2001).

Finally, as for the third element, "proximate cause . . . is a question of fact not to be determined at the demurrer stage." *Kiseskey v. Carpenters' Trust for So. Cal.*, 144 Cal. App. 3d 222, 233 (1983).

Accordingly, the Court holds that Plaintiff reasonably could believe he is able to prevail on a claim for intentional or negligent infliction of emotional distress against either Dicely or Demoss. As such, Defendants have failed to meet their heavy burden in demonstrating fraudulent joinder. *See Albi*, 140 F.2d at 312; *Plute*, 141 F. Supp. 2d at 1008, 1012.

## IV.    CONCLUSION

Because Plaintiff could possibly prevail against Dicely and Demoss in his claims for intentional infliction of emotional distress and negligent infliction of emotional distress, the Court finds that Dicely and Demoss are not fraudulently joined, and therefore diversity is lacking. Accordingly, the Court lacks original jurisdiction over this lawsuit. The Court therefore GRANTS Plaintiff's motion to remand.

LINK: JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-06194 (BRO) (Ex)** | Date | October 25, 2013 |
|---|---|---|---|
| Title | HENRY DEJEAN V. FEDEX GROUND PACKAGE SYS INC., ET AL. | | |

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |